■ BLUE, Judge,
Concurring.
I concur in the affirmance in this case. As in nearly every case it was not error free, but I am convinced the error was harmless beyond a reasonable doubt. I write based on two problems which occurred in this trial.
' First, I am concerned that the' trial judge may have a problem of which she is unaware, and this problem in a closer case might vitiate a jury verdict and require a new trial. Twice defense counsel objected to facial expressions by the trial judge which indicated a departure from the strict neutrality expected from the trial bench. In the first instance defense counsel complained that the trial judge was rolling her eyes during defense counsel’s examination of a witness. When he approached the bench and complained, the trial judge denied rolling her eyes. However, the prosecuting attorney corroborated the facial expression described by defense counsel. The other time defense counsel complained occurred during closing' argument, which brings me to my second reason for writing.
During rebuttal closing, the prosecutor told the jury that she could not explain why this defendant committed the crime with which he was charged. She then made the following statement: “I can’t explain Bundy, and I can’t explain Manson.” An objection that this was an improper comment was overruled. Defense counsel then asked to approach the bench. Defense counsel complained that the trial judge again'made a face when he asked to approach. Rather than deny the facial expression, the' trial judge replied, “There’s nothing improper in her argument.” Two problems — I take the reply as an admission by the judge to an inappropriate facial expression, and I conclude the prosecutor’s comment was improper.
I perceive that errors occurred, but I am convinced beyond a reasonable doubt by my review of the entire record that they were harmless. I would caution the trial judge that strict neutrality requires the avoidance of anybody language or facial expressions that might be interpreted by the jury as favoring one side or another. I would also caution the prosecutor, who represented the state well in this case, against relying on the trial court’s ruling *293 that the “Bundy/Manson” comment was proper argument.